## AUTOMOBILE SECURITY CORP. v. HEIDINGSFELDER

____

(February 11, 1929. Opinion and Decree.)

____

George J. Untereiner, of New Orleans, attorney for plaintiff, appellee.

Richard A. Dowling, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff brought a suit, via ordinaria, in the First City Court on a promissory note in the sum of $135.00, on which there was a balance due of $90.00, together with 8% interest and 25% attorney's fees, the note being secured by chattel mortgage.

Defendant answered each of the six paragraphs of plaintiff's petition with the word "denies". In effect a general denial.

On the trial of the case the defendant was absent and unrepresented. Judgment was rendered for plaintiff as prayed for and defendant has appealed. After the transcript had been lodged in this Court, counsel for defendant presented an application for a writ of certiorari, in which it was alleged that certain testimony administered below was not in the record. Whereupon, a writ issued from this Court, directing William R. Kinsella, Clerk of the First City Court, to file in the transcript a certified copy of all evidence taken on the trial of the case. In reply to this writ, the Clerk answered that his failure to file the evidence, was due to the fact that the stenographer, who had taken the testimony, had not transcribed it, and, that he believed the stenographer had mislaid or lost his notes and for that reason could not transcribe them.

Counsel for defendant argued that, under the circumstances, the court should reverse the judgment, and remand the case for trial de novo.

We have, in the past, on several occasions, where testimony had not been filed in the record because of the death of the stenographer before his notes could be transcribed, taken similar action upon the ground that the interest of justice required such disposition. In this case, however, we do not believe the circumstances warrant such action here. The note and mortgage are in evidence and whatever oral testimony may have been administered could not conceivably affect the situation. The presumption is that the court acted upon sufficient evidence. The defense as presented by the answer admitted the signature to the note. La. Dig., verbo, Bills and Notes, Vol. 1, p. 987, and authorities there cited.

No special defense was pleaded and no evidence offered by defendant, the testimony of plaintiff alone being heard.

For the reasons assigned the judgment appealed from is affirmed.